## State of Vermont v. Darlene A. Remy

[711 A.2d 665]

No. 97-152

Present: Amestoy, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 17, 1998

*William D. Wright*, Bennington County State's Attorney, *David R. Fenster*, Deputy State's Attorney, and *Mary Pat Murphy*, Law Clerk (On the Brief), Bennington, for Plaintiff-Appellee.

*David A. Howard* and *Joyce Brennan*, Law Clerk (On the Brief), of *Cormier & Howard*, Bennington, for Defendant-Appellant.

**Morse, J.** In these consolidated appeals defendant Darlene Remy challenges her conviction of driving under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201(a)(2), and the related civil

suspension of her license under 23 V.S.A. § 1205. She contends that the trial court erred in denying her motion to suppress all evidence relating to the DUI because the police: (1) lacked the statutory authority to stop and detain her under V.R.Cr.P. 3(c); and (2) lacked a reasonable suspicion of wrongdoing necessary to effectuate the stop. We affirm.

On February 1, 1997, at approximately 5:40 p.m., Officer Rowland of the Bennington Police Department responded to an assault complaint from Stephen Woodie. Woodie informed the officer that he had been on a service call for AAA in the parking lot of the Apple Valley Inn when a van driven by defendant approached. Woodie's former wife, Elaine Palmer, was a passenger in the van. Both women were yelling at Woodie. Palmer eventually got out of the van and punched Woodie in the mouth. At that point, Woodie left in his truck and returned to the service station. The women followed him in the van yelling and flashing the van's headlights. They pulled in behind Woodie's truck and defendant got out and yelled and spit at him. Woodie asked defendant and Ms. Palmer three times to leave and then called 911, at which point the women reentered the van and drove away. Woodie detected a strong odor of alcohol on defendant.

Woodie described the van to the police and reported that it had a distinctive license plate, "RUNAWAY." The van became the subject of a Bennington Police Department "attempt to locate" call. Later that evening, at approximately 9:17 p.m., Officer Rowland spotted the van, activated his blue lights, and pulled it over. The officer's purpose in stopping the vehicle was to issue a citation and to investigate the report that the women had been drinking. In speaking with defendant, the officer detected a strong odor of alcohol and noted that her speech was slurred. Defendant refused the officer's request to perform field sobriety tests and was transported to the station for processing. She subsequently refused to submit to any tests to determine her blood alcohol content.

Defendant moved to suppress all evidence relating to the DUI in the criminal action and to dismiss the civil suspension proceeding, claiming that the stop was illegal. Following a consolidated hearing, the trial court denied the motion to suppress and entered a judgment of suspension in the civil action. Defendant appealed the civil suspension, and entered a conditional plea of guilty to DUI, reserving her right to appeal the suppression issue. The two appeals were consolidated for review.

The trial court concluded that the stop was authorized under V.R.Cr.P. 3(c)(1). Under that provision, a law enforcement officer who

is authorized to arrest a person for a misdemeanor without a warrant under V.R.Cr.P. 3(a):

> shall, except as provided in paragraph (2) of this subdivision, issue a citation to appear before a judicial officer in lieu of arrest. In such circumstances, the law enforcement officer may stop and briefly detain such person for the purpose of determining whether any of the exceptions in paragraph (2) applies, and issuing a citation . . . .

V.R.Cr.P. 3(c)(1). The exceptions set forth in paragraph (2) include a variety of exigent circumstances in which an immediate arrest rather than issuance of a citation may be necessary.

Under V.R.Cr.P. 3(a)(2)(C) an officer may make a warrantless arrest when there is probable cause to believe "that a person has committed a misdemeanor which involves an assault against a family or household member, as defined in Chapter 21 of Title 15, or a child of such person." As the former spouse of Ms. Palmer, the victim here met the definition of a "household member" under 15 V.S.A. § 1101(2) ("persons who have lived together in a sexual relationship"). Based upon the information supplied to the officer earlier that day, the officer had probable cause to believe an assault against a household member had occurred, and therefore was authorized to arrest under V.R.Cr.P. 3(a). See *State v. Phillips*, 140 Vt. 210, 217, 436 A.2d 746, 750 (1981) ("For probable cause to exist in a warrantless arrest situation, it is necessary that some facts substantiating the commission of an alleged crime be communicated to the arresting officer or to an officer with whom he is in communication.").

Clothed with the authority to arrest Ms. Palmer, Officer Rowland was entitled, indeed was required, under V.R.Cr.P. 3(c)(1) to stop the van in which she and defendant were riding to issue a citation or, if one of the exceptions in 3(c)(2) applied, to make an arrest. V.R.Cr.P. 3(c)(1). Having lawfully stopped and detained defendant, and having detected clear signs of intoxication, the officer was then authorized to investigate further "'in order to confirm or negate his suspicions regarding probable cause to arrest'" for DUI. *State v. Caron*, 155 Vt. 492, 500, 586 A.2d 1127, 1132 (1990) (quoting *State v. Jewett*, 148 Vt. 324, 330, 532 A.2d 958, 961 (1986)). Thus, both the stop and the subsequent investigation were justified under the circumstances.

Accordingly, we hold that the motion to suppress was properly denied. In view of our holding, we need not address the trial court's

alternative ruling that the officer had a reasonable suspicion to stop defendant based upon the report that she was intoxicated.

*Affirmed.*